WILLIAM DEHON, Administrator *vs.* CHARLES A. STETSON.

S., of the firm of S., B. & C., gave a note to P. for a debt due from him alone to P. : P. afterwards became indebted to the firm, on account, in a sum larger than the amount of S.'s note to him, and C., one of the firm, requested payment of P., who paid a part thereof to C., saying that he held S.'s note, which he intended to turn in for the balance of the account : C. thereupon told P. that, if S. owed him, all was right ; and C. considered it as understood and agreed that the matter was to be arranged as P. had proposed, and so stated to S., who agreed thereto ; but no communication on the subject was made to B., nor was the note given up, nor credit given for it in account. *Held,* in a suit by P.'s administrator against S., on the note, that P.'s debt to the firm could not be set off against the note, and that the agreement between C. and P., to which S. assented, was not an accord and satisfaction, nor a payment, nor a substitution of the debt of S. to P. for P.'s debt to the firm, so as to bar the action on the note.

ASSUMPSIT on a note given by the defendant to Stanton Parker, the plaintiff's intestate, on the 26th of November 1836, for $500, payable to said Parker, or order, on demand, with interest. At the trial in the court of common pleas, before *Williams,* C. J. the execution and validity of the note were admitted by the defendant ; and he proposed to give in evidence, by way of set-off, or payment, or accord and satisfaction, an account against the plaintiff's intestate, in favor of the defendant and Frederick Boyden and Robert B. Coleman jointly, the balance of which against said intestate was $490·78, in December 1838 ; which account was duly filed    To prove the correctness of said account, and the defendant's right to apply it in set-off, he offered in evidence the deposition of said Coleman ; he and Coleman having executed releases to each other.

Coleman deposed that he, on the 11th of December 1838, presented a bill to Parker (the plaintiff's intestate) for $684, due to the Astor House, in the city of New York, kept by Stetson, Boyden and the deponent; that Parker then said, " I will give you $200, to-day.  I hold Mr. Stetson's note for $500, and I intend to turn that in to you for the balance of my account : "  That the deponent answered, " I did not know that Mr. Stetson owed you any thing ; but if that is so, all is right : "  That the deponent considered it fairly understood and agreed upon that it should be so arranged ; and that he so stated to Stetson, who agreed thereto.  Parker paid $200 on the same day.

No other evidence was offered by the defendant to main· tain his defence ; and the statements made in said deposition were not controverted by the plaintiff.

The judge instructed the jury, that the facts stated in said deposition were insufficient, in law, to entitle the defendant to a set-off, and that the plaintiff, on these facts, was entitled to a verdict for the full amount of the said note.  The jury returned a verdict for the plaintiff, according to said instructions, and the defendant alleged exceptions.

*B. Rand*, for the defendant.  1. The account should have been allowed as set-off.  2 Stark. Ev. (2d Lond. ed.) 727. *Kinnerley* v. *Hossack*, 2 Taunt. 173.  *Wilby* v. *Harris*, 13 Mass. 496.  *Wallace* v. *Kelsall*, 7 Mees. & Welsb. 273, per Parke, B. 14 Petersd. Ab. 417.

2. The transaction may be regarded in the light of a payment, or a substitution of the note or debt of Parker for his debt to the defendant and his partners ; and in this view it is a bar to this suit.  *Hoppe* v. *Symonds*, 2 Chit. R. 324.  *Taylor* v. *Hilary*, 1 Crompt. Mees. & Rosc. 741.  *Coit* v. *Houston*, 3 Johns. Cas. 249.  *Pearson* v. *Pearson*, 5 Barn. & Adolph. 859.

3. The facts amount to a good accord and satisfaction.  It was agreed that the note should be received, and the money due thereon be taken, in satisfaction of so much of the account due to the partners.  7 Mees. & Welsb.. 13 Mass. and 2 Taur t.

*ubi sup.* *Wilson* v. *Coupland*, 5 Barn. & Ald. 228. *Tibbits* v. *George*, 5 Adolph. & Ellis, 107. *Crowfoot* v. *Gurney*, 9 Bing. 372. *Fairlie* v. *Denton*, 8 Barn. & Cres. 400. *Hodgson* v. *Anderson*, 3 Barn. & Cres. 842. As the note was discharged by the arrangement, so far as Parker's right to claim upon it was concerned, as if it had been actually cancelled, (*Peck* v. *Davis*, 19 Pick. 490,) the accord must be regarded as executed. But if it were to be otherwise regarded, it would come within that class of cases where an unexecuted accord, being upon a new and good consideration, is valid. Com. Dig. Accord, B. 4. , *Good* v. *Cheesman*, 2 Barn. & Adolph. 335. *Cartwright* v. *Cooke*, 3 Barn. & Adolph. 703. *Rippinghall* v. *Lloyd*, 5 Barn. & Adolph. 750. *Case* v. *Barber*, T. Ray. 450. *Hillman* v. *Uncles*, Skin. 391.

4. The court erred in directing the jury to find a verdict for the plaintiff, instead of leaving it to them to find for the defendant, if they should, from the facts and circumstances, think that there was an agreement between the parties that the note and debt of the defendant should go and be taken in satisfaction, *pro tanto*, of the joint demand of the defendant and his partners. *Thompson* v. *Percival*, 3 Nev. & Man. 167. *Le Fleming* v. *Simpson*, 1 Man. & Ryl. 269. *Alexander* v. *Barker*, 2 Crompt. & Jerv. 133. *Lord* v. *Wardle*, 3 Bing. N. R. 680.

*Dehon*, *pro se*, relied on *Cary* v. *Bancroft*, 14 Pick. 315, and *Fuller* v. *Wright*, 18 Pick. 403.

HUBBARD, J. The validity of the note upon which the present action is brought is not denied ; but the defendant relies upon the facts offered by him in evidence, as available in defence of the suit, either by way of set-off, or as proof of an agreement that the account of the defendant and his partners should be taken in payment of the note, as far as it would apply ; or as a substitution of one contract for the other ; or as an accord and satisfaction.

The case has been argued with much ability by the learned counsel for the defendant ; but, after a careful examination, we are of opinion that the evidence does not support the prop-

ositions advanced by him.   The defence rests either on the right of set-off, or on proof of an agreement between the parties.   The defendant, therefore, must bring his case within the statute, or must establish an agreement to discharge one debt by the other.

The right of set-off, while it admits the plaintiff's cause of action, permits the defendant to introduce a claim against the plaintiff to meet the demand sued, in whole or in part. This species of defence, which is equitable in its character, is limited, by the statute, to mutual debts or demands between the plaintiff and defendant, and consequently does not embrace a case like the present.   The account offered by way of set-off is not that of the defendant solely, but it is the account of himself and two others ; and, reversing the situation of the parties, if a suit had been brought upon it against the plaintiff's intestate, the note now in suit could not have been filed in set-off.   And the reason is obvious.   The contracting parties are different, whichever is plaintiff, and there is, therefore, that want of mutuality which the statute requires ; and it is obvious that, if such set-off were allowed, a firm might be made to pay all the private debts of one of the partners.   This right of set-off not being matter of agreement, a defence grounded upon it must fail, if not embraced within the provisions of the statute.   *Fuller* v. *Wright*, 18 Pick. 403.

The counsel for the defendant, in answer to this objection, has argued, that the case may be brought under the Rev. Sts. *c.* 96, § 5, on the ground that the partners of the defendant assigned to him the account against the intestate.   But such an assignment cannot be inferred from the assent of Stetson that the note might be applied to the account.   The assignment must be proved to have been made by the other partners, and there is no evidence to establish it, or from which it can be legally inferred.   The authorities cited for the defendant go far to show that an agreement to pay a joint debt, by a separate demand of the debtor against one of the joint creditors, may be sustained, as founded upon mutual promises.   *Kinnerley* v. *Hossack*, 2 Taunt. 173, and *Wallace* v. *Kelsall*, 7 Mees. &

Welsb. 264. 2 Stark. Ev. (2d Lond. ed.) 727. But the evidence in the present case establishes no such agreement. The proof stops short of the point which the defendant must reach, in order to enforce his argument with effect. The evidence is that of a mere intention expressed by Parker, the intestate, of turning his note in for the balance of the account; which was assented to by Coleman, one of the partners, if the fact were so, as all right, and to which, as he testifies, Stetson afterwards agreed; but there is no evidence that the fact was communicated to Boyden, the third partner, or that Parker was told that the note would be received in payment, and that, in consequence thereof, he then concluded a bargain. The proposal was, indeed, satisfactory, but through carelessness or inadvertency, it never ripened into an agreement; it remained to be executed, and it is now too late to enforce it. *Allen* v. *Kimball*, 23 Pick. 473.

The same remarks apply to the positions advanced, that here was the substitution of one contract for the other, or an accord and satisfaction. No such substitution, in fact, took place. There was no satisfaction, no delivery of the note, and no credit given in account. The proposed mode of settlement never was carried into effect, and the parties remained without any change as to their respective rights. We do not see that this case is different in principle from that of *Cary* v. *Bancroft*, 14 Pick. 315, where a similar agreement or proposal was held to be executory, and therefore was not an extinguishment of the smaller demand.

It is urged that there is great equity in the defence by reason of the hardship suffered by the defendant. But even if it were so, (though we do not view it in that light,) the rights of the parties are not thereby altered; and the law must be enforced. Otherwise, cases would be determined without regard to well established principles, and rules of law would yield in all cases of supposed expediency.

It was also contended that the learned judge should have submitted the question to the jury, whether an agreement to pay one demand by the other was made by the parties. But, as

there were no facts in dispute, it was the appropriate duty of the judge to instruct the jury whether the facts which were proved constituted an agreement, valid in law, between the parties ; and his instructions, we think, were correct.

*Exceptions overruled.*